WILLIAM S. VAN CLIEF, trustee, complainant,

*v.*

FRANK MELVILLE et al., defendants.

[Submitted March 25th, 1912.   Decided June 20th, 1912.]

1. Annulment of a mortgage by a corporation given for the benefit of assenting creditors, on the ground that it was a fraudulent conveyance as to non-assenting creditors, does not deprive the assenting creditors of their right to share *pro rata* with the non-assenting creditors in the proceeds of the mortgaged property.

2. Where complainant, who was made a trustee of a mortgage given by a corporation for the benefit of assenting creditors, was induced by

the assenting creditors to advance money in reliance upon the mortgage, he is entitled to subrogation to the rights of the assenting creditors, to the extent required to repay his advances, on distribution of the proceeds of the mortgaged property in the hands of a receiver, after the mortgage was declared void as constituting a fraudulent conveyance as to non-assenting creditors.

On appeal of William S. Van Clief, trustee.

*Messrs. Roberson & Demarest,* for the appellant.

*Messrs. Condict, Condict & Boardman,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

We held, when the case was formerly before us, that the mortgage sought to be foreclosed in this suit was void as to non-assenting creditors, and that such equities as might have arisen by reason of the assent of other creditors would arise in the court of chancery upon the distribution of the fund in the hands of the receiver. The learned vice-chancellor conceived that the effect of our decision was to give non-assenting creditors a preference, and he has therefore modified the decree by directing that they be paid in full and that the balance only be paid to the complainant.

We pass over the fact that this decree of distribution is made in a suit to foreclose a mortgage which has been pronounced void as to the very persons who are to benefit by the decree of distribution. Strictly speaking, the distribution of the fund in the hands of the receiver representing the mortgaged property should be by proceedings in the administration suit in which the receiver was appointed, but the objection is perhaps only formal as all creditors seem to have been made parties to the foreclosure. We pass therefore to the merits. By adjudging the mortgage to be void as to non-assenting creditors we deprived the assenting creditors of any benefit or priority that the mortgage might give them; but we did not deprive them of their rights as creditors to share *pro rata* with non-assenting creditors in the

assets that might come to the hands of the receiver. No such issue was made in the suit, which was an ordinary foreclosure. Since, however, the creditors who assented to the scheme of the mortgage had thereby induced the complainant to advance money in reliance on the mortgage, it would be inequitable to allow them to receive a dividend on their claims before the advances are repaid. The complainant can be protected by subrogating him to the rights of the assenting creditors to the extent required to repay his advances. The result puts the non-assenting creditors in the same position they would have had if the mortgage had not been made; they receive a *pro rata* dividend on their claims. It puts the assenting creditors in the same position in which they agreed to be placed, subject to the prior lien of the complainant for his advances. They are estopped to deny the priority of the complainant for the advances made on the faith of their assent, but they are not estopped to assert their right to share *pro rata* with other creditors; the latter have not been misled into any change of position. It is true that this may enable Van Clief to recoup himself for part of his advances, but it is not at the expense of the non-assenting creditors who will receive their full *pro rata* share of the assets.

The decree must be reversed and the record remitted for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Kalisch, Bogert, Vredenburgh, Vroom, Congdon, White, Treacy—15.